**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| DANIEL HERRARTE ARIAS,<br><br>    Petitioner,<br><br> v.<br><br>MARKWAYNE MULLIN, Secretary, U.S.<br>Department of Homeland Security, et al.,<br><br>    Respondents. | Case No. 26-cv-03257-SRB |

<u>**ORDER**</u>

Before the Court is Petitioner Daniel Herrarte Arias's ("Petitioner") Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief ("the Petition"). (Doc. #1.) For the reasons below, the Petition is GRANTED IN PART and DENIED IN PART.

**I. FACTUAL BACKGROUND**

The following facts are taken from the Petition and from the parties' briefs. Petitioner is a native and citizen of Guatemala. Petitioner alleges that she "is homosexual and is transgender ('she')." (Doc. #1, p. 1.) Petitioner has lived in the United States since she was 7 years old. On August 4, 2022, Petitioner was granted withholding of removal by an Immigration Judge. However, at the same time, the Immigration Judge issued an order of removal. Petitioner was subsequently placed on an Order of Supervision ("OSUP"). Petitioner has reported yearly to Immigration and Customs Enforcement ("ICE").

During his childhood, Petitioner was molested by a pastor at her church and the incident was reported to the police. As a result, Petitioner filed for a U visa, for victims of certain crimes

in the United States. On December 20, 2024, USCIS granted deferred action and issued a bona fide determination letter to Petitioner.

On April 16, 2026, Petitioner was arrested by the Newton County Sheriff's Office and charged with assault. Shortly after her arrest, Petitioner's OSUP was revoked and she was placed in detention pending her removal. Petitioner was transferred to ICE custody and is currently detained at Greene County Jail in Springfield, Missouri. On April 30, 2026, Petitioner was served with a Notice of Removal which indicated that ICE intends on removing her to Mexico.

Petitioner alleges that Respondents "had more than 4 years to designate a country of removal, given Petitioner's grant of withholding of removal to Guatemala." (Doc. #1, p. 4.) Petitioner further alleges that Respondents have "not notified Petitioner of any change in circumstances that could explain their re-detention of Petitioner in April 2026." (Doc. #1, p. 4.) Petitioner alleges in part that she is being unlawfully detained in violation of her due process rights.

Petitioner filed the Petition on April 30, 2026. The Petition asserts the following claims: Count I—Violation of 8 U.S.C. § 1231(a) and Fifth Amendment Due Process Clause; Count II—Fifth Amendment Due Process Clause and Administrative Procedure Act, 5 U.S.C. § 706(2)(D); and Count III—Violation of 8 U.S.C. § 1231(a) and Fifth Amendment Due Process Clause. Petitioner requests her immediate release or "an order barring Petitioner's removal to a third country until she is permitted to seek fear-based relief from removal to that third country." (Doc. #1, p. 2.)

Respondents timely filed their response in opposition to the Petition. Respondents argue in part that Petitioner is lawfully detained and that ICE intends on imminently removing her to Mexico. Petitioner then filed a reply brief. The parties' arguments are addressed below.

2

## II. APPLICABLE LAW

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, [ICE] shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). Section 1231 sets forth a process to determine the "countries to which aliens may be removed." 8 U.S.C. § 1231(b). As applicable here, removal shall be to a "country whose government will accept the alien into that country." 8 U.S.C. §1231(b)(2)(E)(vii). However, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(2)(3)(A).

## III. DISCUSSION

Upon review, the Court finds that Respondents properly detained Petitioner. On August 4, 2022, an Immigration Judge issued an order of removal for Petitioner. Petitioner was arrested on April 16, 2026 for assault, her OSUP was subsequently revoked, and she was then placed in detention pending her removal. On April 30, 2026, Petitioner was served with a Notice of Removal. Based on these circumstances, Respondents have lawfully detained Petitioner. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.") Petitioner's request for her immediate release is therefore denied.

However, lawful detention is a different issue than lawful removal. Petitioner alleges that she is a homosexual and is transgender. Count II of the Petition alleges that "Petitioner has a due process right to meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports a person to a third country." (Doc. #1, p. 10.) On this

3

issue, the Court finds *Aden v. Nielson*, 409 F. Supp. 3d 998 (W.D. Wash. 2019) to be persuasive.

In *Aden*, the court explained that:

> The Fifth Amendment requires that ICE provide a meaningful opportunity for petitioner's claim of fear to be heard. The guarantee of due process includes the right to a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001). None of these procedural protections was provided. In addition, § 1231 prohibits ICE from removing a noncitizen to a designated country if it determines 'that the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion.' 8 U.S.C. § 1231(b)(3)(A). ICE . . . has an affirmative obligation to make a determination regarding a noncitizen's claim of fear before deporting him. Thus, both the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims.

*Id.* at 1010.

In this case, Respondents summarily state that "DHS/ICE's selection of Mexico . . . comports with statutory and regulatory requirements." (Doc. #5, p. 3.) But the record contains no indication that Respondents considered Petitioner's claim that she "is transgender and homosexual [and] has a real and valid fear to go to Mexico on these bases, given the country conditions in Mexico related to homosexual and/or transgender individuals." (Doc. #6, p. 4.) The record also shows that Petitioner has not had a meaningful opportunity to raise her fear-based claims to an immigration judge. Under these circumstances, Petitioner's due process and statutory rights have been violated. Petitioner is entitled to have her fear-based claims considered prior to removal.

**IV. CONCLUSION**

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

4

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED IN PART and DENIED IN PART.

2. The Petition is GRANTED insofar as Petitioner shall not be deported to Mexico or to any other country until an immigration judge makes the required determination under § 1231(b)(3)(A). Petitioner shall promptly initiate proceedings to raise her fear-based claims before an immigration judge.

3. The Petition is DENIED insofar as Petitioner is being lawfully detained and is not entitled to her release.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2026

5